IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACQUELINE WILLIAM YOUNG                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:17-cv-243-CWR-FKB

SOCIAL SECURITY ADMINISTRATION                                                DEFENDANT

_____

REPORT AND RECOMMENDATION

This cause is before the Court regarding the appeal by Jacqueline William Young of the Commissioner of Social Security's final decision denying Young's claim for surviving divorced spouse's benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 423(d)(1)(A). In rendering this Report and Recommendation, the Court has carefully reviewed the Administrative Record [12] regarding Young's claims (including the administrative decision, the records, and a transcript of the hearing before the Administrative Law Judge ("ALJ")) and the parties' filings. For the reasons discussed in this Report and Recommendation, the undersigned recommends that Defendant's Motion to Affirm [15] be granted, and that this case be dismissed with prejudice. In sum, Plaintiff, who is proceeding *pro se*, failed to meet the requirements for surviving spouse's benefits because she failed to demonstrate that she was married to her former husband for at least ten consecutive years, as required by 20 C.F.R. § 404.336(a)(2).

I.  PROCEDURAL HISTORY

Young filed her application for divorced widow's insurance benefits on April 30, 2013, as the surviving widow of Harry Field Young, who died on April 9, 2013. [12] at 19. In her application, she asserted that she was married to Harry Young on March 30, 1971, and that the marriage ended in divorce on July 9, 1979. *Id.* at 20. Because she failed to demonstrate that she

was married to Mr. Young at least ten consecutive years before their divorce, Plaintiff's application was denied at the initial level and on reconsideration. *Id.* at 28, 38-41. Thereafter, Young requested a hearing, which an Administrative Law Judge ("ALJ") conducted on July 13, 2014, and at which Young proceeded *pro se*. *Id.* at 72-96. Following the hearing, the ALJ issued a decision denying benefits when he concluded that Plaintiff's actual date of marriage was November 10, 1969, which was less than ten consecutive years before her divorce. *Id.* at 10-12. After the Appeals Council denied Plaintiff's request for review, this appeal followed. *Id.* at 2.

## II. STANDARD OF REVIEW

This Court's review is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied, 42 U.S.C. § 405(g) (2006). *Accord Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The Fifth Circuit has defined the "substantial evidence" standard as follows:

> Substantial evidence means more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). In applying the substantial evidence standard, the Court must carefully examine the entire record, but must refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). Hence, if the Commissioner's decision is supported by the evidence, and the proper legal

standards were applied, the decision is conclusive and must be upheld by this Court. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), *overruled on other grounds, Sims v. Apfel*, 530 U.S. 103 (2000).

## III. DISCUSSION

Under the relevant sections of the Social Security Act, a surviving divorced spouse is entitled to widow's disability insurance benefits based on the earnings of an insured deceased former spouse if the surviving former spouse is (1) not married; (2) is at least sixty (60) years old or at least fifty (50) years old with a disability under the Social Security Act; and (3) was married to the insured deceased former spouse for at least ten (10) consecutive years prior to the date the divorce became final. 42 U.S.C. §§ 402(e); 416(d)(2); 20 C.F.R. § 404.336.

The sole issue in this appeal is whether substantial evidence supports the Commissioner's decision that Plaintiff was not married to the deceased, her former husband, for at least ten consecutive years prior to their divorce. There is no question that Plaintiff was divorced from Harry Field Young on June 26, 1979, because a final decree of divorce is in the record. [12] at 32. What is less clear, however, is Plaintiff's date of marriage. In her initial application, Plaintiff declared under penalty of perjury that her date of marriage to Harry Young was March 30, 1971. *Id.* at 20. After her claim was denied, she declared, again under penalty of perjury, that they were married on November 10, 1969. *Id.* at 34-35. Neither date satisfies the ten-year marriage requirement of the statute. Thereafter, during the course of the proceedings, Plaintiff urged that they were married on May 10, 1969, *id.* at 69, March 20, 1969, *id.* at 83, and November 10, 1968. *Id.* at 14.

Another complicating factor in this case is that Plaintiff cannot produce a copy of the

marriage certificate, despite her efforts to obtain one. As found by the ALJ, it appears that no copy of the certificate was retained by the church where the wedding ceremony was performed, and there is no record of the marriage in the local chancery clerk's office. *Id.* at 12. Furthermore, the Social Security Administration requested a marriage verification from the Mississippi Bureau of Vital Statistics, which could not find a marriage certificate on file for Plaintiff and Harry Young. *Id.* at 31.

"Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)(quoting *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir.1990)). Under that standard, the undersigned finds that there is substantial evidence supporting the ALJ's conclusion that Plaintiff's marriage date was November 10, 1969. In her Request for Reconsideration, Plaintiff presented a sworn statement, accompanied by details regarding the ceremony, her age, and the weather, that November 10, 1969, was her date of marriage. [12] at 34. The undersigned finds no basis to disturb the ALJ's conclusion. Any other result would involve re-weighing the evidence and assessing credibility, actions in which the Court cannot engage. *Martinez*, 64 F.3d at 174.

## IV. CONCLUSION

Accordingly, for the reasons discussed in this Report and Recommendation, the undersigned recommends that the Commissioner's Motion to Affirm be granted, and that this matter be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    RESPECTFULLY SUBMITTED, this the 31st day of July, 2018.

                                          /s/  F. Keith Ball
                                       UNITED STATES MAGISTRATE JUDGE