# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JACQUELINE WILLIAM YOUNG                                                          PLAINTIFF

V.                                                           CAUSE NO. 3:17-CV-243-CWR-FKB

SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION

Jacqueline William Young filed an application for divorced widow's benefits in April 2013. Her application was denied by the Social Security Administration because Young did not meet the threshold of 10 consecutive years of marriage, as required by 20 C.F.R. § 404.336(a)(2), to receive divorced widow's benefits. During the appeal hearing on the denial of benefits, the Administrative Law Judge ("ALJ") determined that Young and her husband, Harry, were married on November 10, 1969 and divorced on June 26, 1979.

United States Magistrate Judge Keith Ball entered a Report and Recommendation on this matter on July 31, 2018. Docket No. 18. Young objects to the findings and recommendations; she asserts that she was married on May 10, 1969, and the ALJ's determination of her date of marriage was factually inaccurate. *See* Docket No. 19. As noted in the Report and Recommendation, there is no marriage certificate to confirm the date of marriage between Harry and Jacqueline Young.

On September 10, 2018, Young filed a motion requesting an extension of time to supplement her objections, stating that she spoke to an attorney who was going to obtain a copy of her marriage certificate. *See* Docket No. 22. The Court granted Young an additional 30 days, until October 11, 2018, to supplement her objections to the Report and Recommendation. It is now well past 30 days and Young has not supplemented her initial objections.

The ALJ made the determination that Young and her husband were married on November 10, 1969 based on Young's sworn statement in her request for reconsideration to the Social Security Administration.[1] This Court's role is limited to reviewing the Commissioner's denial to see if the decision was supported by substantial evidence; it is not this Court's role to resolve conflicts in evidence. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). For that reason, the Report and Recommendation is hereby adopted.

Accordingly, the determination of the Social Security Administration is affirmed and this case is dismissed with prejudice. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 2nd day of November, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Several different dates were provided to the ALJ – all by the claimant, and multiple dates presented were submitted under penalty of perjury. The ALJ cannot be faulted with choosing one of the dates, which was supported by substantial evidence.